Good morning. May it please the court. The most basic principle of Fourth Amendment law is that reasonableness requires a warrant, and in this case, there was no warrant. Instead, a GPS tracking device was installed on Mr. Taylor's case, and a warrantless attachment of a GPS device would be authorized under the particular facts of Mr. Taylor's case. As I mentioned, CERT was currently, at the time that the GPS tracking device was attached, CERT had been granted in Jones, and at the time the authorization was requested, constitutionality of the practice was therefore unsettled. When the suppression was first decided by the district court, the court agreed that the Davis exception for objective reliance on binding appellate precedent did not apply under the facts of Mr. Taylor's case, that Garcia and Jueves Perez did not establish a bright line rule stating that a GPS, a warrantless GPS tracking was authorized in the Seventh Circuit. The Davis court authorized officers to rely on binding precedent which specifically authorized a particular practice, and at issue here is the issue that was an issue in the dissent on the Davis case, which is when does binding appellate precedent specifically authorize a certain practice, and did it in Mr. Taylor's case? The answer to that question is no, and that is what the district court found. The district court found that there were facts which easily distinguish Garcia and Jueves Perez from Mr. Taylor's case. The officers did not rely on the precedent of the Seventh Circuit because they sought authorization in a case where the facts indicated that this court was concerned that GPS could require a warrant, and that was the duration of the search of 60 days, permission to attach the GPS device on private or public property, and that they sought to use the car's battery to power the GPS device. Can I ask you about those questions? Why should the constitutionality depend upon whether the device is attached when the car is parked on a public street or say at a shopping center parking lot? I think because of the expectation of privacy that exists on private property. At a parking lot? I mean, a shopping mall? Well, it's the same concern with Mr. Taylor's private habits and travel being conveyed in a way that it wouldn't otherwise be. He wasn't traveling on a public... The authority that was granted was to do this with the car is on a public street or in private property that is open to the public, right? Yes, Your Honor. You're not talking about sneaking into somebody's driveway. So why would that be at all relevant? Well, this court had indicated that it would be in Garcia in 2007, and if we look beyond that, the court was also concerned with duration. But did it draw that same distinction between was it just public or private, or was it thinking there might be a difference between a public parking lot on a private property and public streets? I'm not sure exactly what was indicated by the opinion there, except that this court indicated that placement could be a seizure if it was a substitution for following a car on a public street, and it indicated that private or public property would be a concern. Additionally, it indicated that it could be a seizure if it drew upon the car's battery to power the device. And why should that make a difference? I think it makes a difference in terms of what is the intrusion into Mr. Taylor's life. This was an extensive intrusion into Mr. Taylor's private life. Far beyond that was authorized. And it makes a difference depending on the power source? It's a number of factors that this court relied on. This court indicated... The question in this case is what is binding appellate precedent? Right. And when the officers looked at Garcia and Jueves-Perez, regardless of the rationale which would underlie the court's problems or the court's concerns with attachment on public or private property, the duration of the search, the battery used to power the car, regardless of the court's rationale or how that would fit into Fourth Amendment precedent, what the officers were aware of was that this court said in Garcia and in Jueves-Perez, those are factors which could indicate that this search has gone too far and that you may need a search warrant. And in fact, in Jueves-Perez, this court indicated that in a close case, it would be good practice for officers to seek a warrant. Do we know what power source was in fact used on this device? We do not. We just know that it was attached to the car. How do we not know that given its apparent pivotal significance under this particular line of reasoning? I agree, Your Honor, but there was nothing in the record or in the evidence of the case which would indicate to me what the actual circumstance was. So, but the question still exists of what did the officers... What could the officers have objectively in good faith relied upon coming from Garcia and Jueves-Perez with prior experience? As approved by this court on a GPS, Garcia and Jueves-Perez did not state GPS, warrantless GPS devices are authorized in all cases. And in fact, the court stated specific circumstances in which the warrantless attachment could be a problem. And that was duration, public or private property, and the car's battery. So the district court initially ruled that the Davis exception did not apply in this case. That the Belton case, which the Davis case relied on, was a specific ruling by the Supreme Court saying, what can you do and when are you authorized to do it? And in Belton, it was that you may search the passenger compartment of a car when you have made a lawful custodial arrest. Looking at what you do and when are you authorized to do it that comes from that case. The officers were not entitled to rely upon that. Additionally... Could you address our Brown opinion that persuaded the district court to change your mind? Yes, Your Honor. The Brown case turned on the notion of consent. And while the court did say that prior to... That post... The court said that had Brown arisen post-Garcia, that binding appellate precedent would have authorized the GPS tracking. However, that is simply dicta in that case. The case turned on the notion of consent, and therefore the court was entitled to rely upon prior Supreme Court precedent, Beeper cases, which entailed the notion of consent. The district court made a searching analysis of the cases of Garcia and Jueves Perez. And this brings us to the problem with the Davis case. Is, in this case, we have clear evidence that not only could reasonable minds differ on what Garcia and Jueves Perez held, reasonable judicial minds did differ on that. As the district court made a searching analysis and issued opinion, and then the Brown was issued by this court, which then indicated that the district court may have been wrong. And it's our position that had this court been in the position to look specifically at what Garcia and Jueves Perez held, a different outcome may occur under Davis. I would like to reserve the rest of my time for rebuttal. All right. Thank you. Thank you. Mr. Wood. Your Honor, may it please the court, my name is Bob Wood on behalf of the government. This court should affirm for several reasons. The issue... I'd like to add some clarity to this. The issue isn't exactly what was the state of binding precedent. The issue, as is the touchstone in Fourth Amendment and good faith cases, is was the officer's conduct objectively reasonable? That's what Davis was about. Davis took the rubric of good faith belief, put objective reliance on that side, and lawfulness, and put binding precedent there. And that's what this court in Brown was doing, was applying that rubric to the question of GPS tracking within the time period of this case. So, again, the issue is just objective reasonableness and Brown can apply very clearly. It can be a little more specific than just objective reasonableness, can it? I mean... Well, objectively reasonable reliance on the... Of course, you have to identify binding precedent. Right. I fully agree, Your Honor. And is the standard the same as for qualified immunity or is it different? Well, I think the standard... Again, Brown discussed... It's more exacting, isn't it, than qualified immunity? It is more exacting and Brown had some... I would say that that probably has dictated... Not just whether reasonable people can disagree. Right. But whether you can objectively reasonably rely on specific binding precedent. Right. And I think that that is a check. There are dissents in Fourth and Third Circuit cases about how reading Davis more broadly than narrowly runs the risk of constitutional recklessness on the part of police going too far within binding precedent. But the government's view is that objectively reasonable reliance is... It's a meaningful standard. Officers can somewhat easily go beyond that and those would be cases where the good faith exception wouldn't apply. So, yes, the binding precedent has to exist. It has to cover the case in some fashion. And the binding precedent in this case, even if you look behind Brown, I wanted to clarify what Garcia and Cuevas-Perez really said. The clearest statement probably about what Cuevas-Perez, which of course had seriatim opinions, said, may be in the dissent in which Judge Wood said, the majority apparently believes that no matter how long the duration of the GPS tracking, installation and tracking with GPS does not implicate the Fourth Amendment. The Fourth Amendment analysis doesn't apply. I think that's a fair reading of the first two opinions in Cuevas-Perez and an equally fair reading of Garcia, which involved both installation and tracking, is that it said that under Knotts and Caro, GPS tracking did not implicate the Fourth Amendment. I'd also like to clarify a few of the factual issues that Your Honor raised in the last part of the argument. Although it's not decisive on the question of battery power versus whether this was a bump or beeper, the record does say that the GPS tracker was placed on the outside of the record, which I don't intend to do. If you look, as cited in the brief, it's not where you're connected to the battery, is that what you're telling us? Yeah, you only connect it to the battery under the hood, as the Katzen opinion discussed. And these bump or beepers are always placed on the underside, and there's really no way, at least according to what the Third Circuit took notice of, there's no way to draw power from the battery. Now again, I'm not in any way conceding that the government's position depends on that distinction, but I do think the record very clearly supports the proposition that this tracker was placed on the underside of the car and had its own power. I'd also say, seize on and reemphasize that the private property, public property issue was exactly as Your Honor says. This is the language that's used to attach trackers in mall parking lots, restaurant parking lots, just so that it's not limited exclusively to the public thoroughfares. And again, I just want to emphasize that specific authorization by binding precedent, I think although that language is in Davis, that's not what Davis stands for. Davis stands for a proposition that, although not unlimited, is objectively reasonable. Objective reasonableness, specifically objectively reasonable reliance on binding precedent. And with that, I can turn to other to clarify on the second issue of judicial authorization, which the district court relied on even in the first decision. The government's position isn't exactly that it's fair for officers always to rely on petitions that don't have probable cause supporting them. It's just that in this, at this time when warrants weren't required, it just goes to show the officer's good faith belief that he went out of his way also to get judicial authorization. But without, if I got this straight, you went to a lot of trouble, but never asked for a finding of probable cause. Yeah, Your Honor, I have to say within the confines of the record, I'm unclear on that too, but again, for the good faith analysis, I don't think that the distinction matters, but I'm not, I'm not clear on what the petition is. Sorry, Your Honor. It's kind of an ad hoc procedure, it sounds like, without a legal standard attached to it. I think that's probably right. There's not even an Indiana Code section that's relied on in it. So I admit that, Your Honor, but I will say that our office's policy, and I'm aware, certainly since Jones, the INPD's policy in these cases now is warrant only. This only happens with a warrant. That's all I can say. I know, I imagine it must have been an anomaly. We don't see, I've talked to everybody in the office, we don't see this sort of thing. I'm not sure what it was, but it does show that he went out of his way at least to consult with a prosecutor to get a judge to review it. With that, I'll rest on my brief. Thank you. Thank you, Mr. Wood. How much time does she have? One minute? As the district judge pointed out, the Davis exception for binding appellate precedent did not apply in this case because deterrence considerations. We want police officers to err on the side of constitutional behavior. And when there are cases that do not state a general rule but have analogous facts, that's not enough for police officers to rely on. Officers need to know what can you do and when are you authorized to do it. And in this case, officers reached outside of that. The Davis exception does not apply, and the officers were not entitled to rely upon this ad hoc procedure by the judge. With that, we would ask you to reverse the district court's ruling on the suppression and remand to the district court. All right, thank you to both counsel. We'll take the case under advisement. I'll call the third case of the day, U.S. v. Leo.